1  Daniel Feinberg – CA State Bar No. 135983
   Claire Kennedy-Wilkins  – CA State Bar No. 231897
2  LEWIS, FEINBERG, RENAKER & JACKSON, P.C.
   1330 Broadway, Suite 1800
3  Oakland, CA  94612
   Telephone: (510) 839-6824
4  Facsimile: (510) 839-7839

5  Attorneys for Plaintiffs

6              IN THE UNITED STATES DISTRICT COURT

7           FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                      SAN JOSE DIVISION

9  ERIK UDD, individually and on behalf of a      )
   class of all other persons similarly situated,  )
10                                                 )  Case No.  C 04-05080 (RS)
                      Plaintiff,                   )
11                                                 )
              vs.                                  )  COMPLAINT – CLASS ACTION
12                                                 )
   ALAN B. VIDINSKY, DONALD C.                     )
13 LIGHTBODY, and VALIN CORPORATION                )
   AMENDED EMPLOYEE STOCK                          )
14 OWNERSHIP PLAN AND TRUST                        )
   COMMITTEE,                                      )
15                                                 )
                      Defendants                   )
16 _____        )

17

18                  **JURISDICTION AND VENUE**

19      1.      This action arises under Title I of the Employee Retirement Income Security Act

20 of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., and is brought by Plaintiff to enjoin acts and

21 practices which violate the provisions of Title I of ERISA, to make good to the Plan losses

22 resulting from fiduciary violations, restore to the Plan any profits which have been made by the

23 breaching fiduciaries through the use of Plan assets, and to obtain other appropriate equitable

   and legal remedies in order to redress violations and enforce the provisions of Title I of ERISA.
24
        2.      This Court has subject matter jurisdiction over this action pursuant to ERISA §
25
   502(e)(2), 29 U.S.C. § 1132(e)(2).
26
        3.      Venue is properly laid in this District pursuant to ERISA § 502(e)(2), 29 U.S.C.
27
   § 1132(e)(2), because the employee benefit plan at issue was administered in this District during
28

1  the relevant time, some or all of the events or omissions giving rise to the claims occurred in

2  this District, and one or more of the Defendants may be found in this District.

3  **INTRA-DISTRICT ASSIGNMENT**

4      4.    This action should be assigned to the San Jose Division because this action arises

5  in Santa Clara County in that the employee benefit plan at issue is administered in Sunnyvale,

6  California, and some of the breaches alleged took place in Sunnyvale, California.

7  **PARTIES**

8      5.    At all relevant times,  Plaintiff Erik Udd was a participant, as defined in ERISA

9  § 3(7), 29 U.S.C. § 1002(7), in the Valin Corporation Amended Employee Stock Ownership

10  Plan and Trust ("the Plan").   Plaintiff Udd resides in Walnut Creek, California.

11      6.    At all relevant times, Defendants Alan B. Vidinsky was a Trustee of the Plan,

12  and a fiduciary of the Plan, within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).  At all

13  relevant times, Defendant Vidinsky was also the only member of the Plan Committee, the

14  "Administrator" of the Plan within the meaning of  ERISA § 3(16)(A)(i), 29 U.S.C. §

15  1002(16)(A)(i).  In addition, at all relevant times, Defendant Vidinsky was a "party in interest"

16  as defined in ERISA § 3(14), 29 U.S.C. § 1002(14).  At all relevant times, Defendant Vidinsky

17  was the Chief Executive Officer and Chairman of the Board of Valin Corporation, the "plan

18  sponsor" of the Plan within the meaning of  ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).  Upon

19  information and belief, Defendant Vidinsky resides in San Francisco, California.

20      7.    At all relevant times, Defendants Donald C. Lightbody was a Trustee of the Plan,

21  and a fiduciary of the Plan, within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).  In

22  addition, at all relevant times, Defendant Lightbody was a "party in interest" as defined in

23  ERISA § 3(14), 29 U.S.C. § 1002(14).  At all relevant times, Defendant Lightbody was the

24  Chief Financial Officer of Valin Corporation.  Upon information and belief, Defendant

25  Lightbody resides in Saratoga, California.

26      8.    At all relevant times, Defendant Valin Corporation Amended Employee Stock

27  Ownership Plan and Trust Committee ("the Plan Committee"), was the "Administrator" of the

28  Plan within the meaning of  ERISA § 3(16)(A)(i), 29 U.S.C. § 1002(16)(A)(i), the "named

1  fiduciary" of the Plan under ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), and was a fiduciary of
2  the Plan in that capacity and/or pursuant to ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

3  **FACTS**

4  9.    Valin Corporation ("Valin") is a California company and is a leading supplier of
5  fluid handling, measurement and control products for a wide range of industrial process
6  applications.  A large percentage of Valin's sales are to customers in the semiconductor and
7  microelectronics industry.  Valin's corporate office and distribution center are located in
8  Sunnyvale, California.

9  10.    Valin established the Plan as an employee stock ownership plan, as defined in
10  Internal Revenue Code § 4975(e)(7).  At all relevant times, the Plan was an employee pension
11  benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2).  At all relevant times,
12  the Plan was administered in Sunnyvale, California.

13  11.    Upon information and belief, Defendant Vidinsky was the largest shareholder of
14  Valin prior to the transactions alleged herein.

15  12.    In the 1990's, Valin's business grew rapidly, in large part due to sales to the
16  booming semiconductor and microelectronics industry.  As a result, the value of Valin stock
17  also rose dramatically during the 1990's.  The semiconductor and microelectronics industry
18  peaked in 2000, and by 2001 the technology "boom" had turned to a "bust."  The rapid
19  downturn in the semiconductor and microelectronics industry was reflected in the orders booked
20  by Valin in early 2001.

21  13.    As of July 31, 2000, Valin stock was valued at $60.62 per share based on the
22  number of issued and outstanding shares as of that date.

23  14.    In or about January 2001, Defendant Vidinsky sold approximately 300,000
24  shares of Valin stock to Valin and Valin retired the shares purchased.

25  15.    In April 2001, the Plan agreed to purchase approximately 77,000 shares of Valin
26  stock from Defendant Vidinsky at $77.67 per share for a total purchase price of approximately
27  $6 million.  The share price for this transaction was determined by a mid-year valuation.  Upon
28  information and belief, the Plan had not previously performed an interim valuation of Valin

1    stock.  The Plan was not required to purchase the Valin shares from Vidinsky.

2        16.    Upon information and belief, neither Valin nor the Plan's fiduciaries appointed

3    an independent fiduciary for the purpose of representing the Plan participants' interests in the

4    April 2001 transactions.  Thus, Defendant Vidinsky was both the seller and the buyer in the

5    transaction as he was the only member of the Plan Committee and one of two Trustees for the

6    Plan.

7        17.    As of July 31, 2001, Valin stock was valued at $48.60 per share.  Thus, the Valin

8    shares that the Plan purchased from Defendant Vidinsky in April 2001 declined in value by

9    $29.07 per share in only three months.

10        18.    Upon information and belief, the April 2001 valuation did not take into account

11    the decline in Valin's business prospects caused by the downturn in the semiconductor and

12    microelectronics industry and was based upon unrealistic sales forecasts.

13        19.    Prior to August 2000, Valin owned two adjoining parcels of land in Sunnyvale –

14    555 East California and 209 N. Fair Oaks.  Valin's corporate headquarters and main distribution

15    center are at 555 East California.  Valin's former headquarters are at 209 N. Fair Oaks, which in

16    August 2000 was fully leased.  In August 2000, Valin sold 555 East California and 209 N. Fair

17    Oaks to Sycamore Lake Partners, LLC ("Sycamore Lake").  Upon information and belief,

18    Defendants Vidinsky and Lightbody (or trusts that they control) are shareholders in Sycamore

19    Lake.  Upon information and belief, the August 2000 sale price for 555 East California and 209

20    N. Fair Oaks was substantially below the assessed value of the properties.  Upon information

21    and belief, Valin did not put the properties on the market in August 2000 or otherwise seek a

22    higher sale price.  Upon information and belief, in February 2001, Sycamore Lake took out a

23    mortgage on 555 East California and 209 N. Fair Oaks, and the loan amount was greater than

24    the August 2000 sale price for the same properties.  Following the August 2000 transaction,

25    Valin has paid rent to Sycamore Lake.

26        20.    Upon information and belief, Valin spun off Engineered Outsource Solutions in

27    or about September 2000.  Upon information and belief, Valin has continued to subsidize

28    Engineered Outsource Solutions.

21.     Upon information and belief, the facts alleged in Paragraphs 19 - 20 were not taken into account in valuing Valin stock for purposes of the April 2001 transaction.

22.     Plaintiff had no knowledge of the Plan's April 2001 stock purchase from Defendant Vidinsky until he received his individual account statement for the Plan Year ending July 31, 2001, on or after December 12, 2001.

CLASS ALLEGATIONS

23.     Plaintiff brings the First and Second Claims for Relief for violations of ERISA §§ 503(a)(2) and 502(a)(3), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3), as a class action pursuant to Fed. R. Civ. P. 23 (a) and (b), on behalf of all persons other than Defendants who were participants in the Plan in April 2001 and/or beneficiaries of Plan participants in April 2001 (hereinafter "Class Plaintiffs").

24.     The Plaintiff Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that over 150 employees and former employees were participants, as defined in ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan and held shares of Valin stock in their individual accounts as of April 2001.  Although the exact number and identities of Class Members are unknown to Plaintiff at this time, this information is easily ascertainable from the Plan through discovery of its records.

25.     Questions of law and fact common to the Plaintiff Class as a whole include, but are not limited to, the following:

    i.     Whether Defendant Vidinsky was a party in interest to the sale of his Valin stock to the Plan in April 2001;

    ii.     Whether Defendants engaged in a prohibited transaction under ERISA by permitting the Plan to purchase Valin stock from Defendant Vidinsky in April 2001 for more than adequate consideration;

    iii.     Whether Defendant Fiduciaries engaged in a prudent investigation of the proposed sale of Valin stock by Defendant Vidinsky to the Plan; and

    iv.     Whether Defendant Fiduciaries breached a fiduciary duty to Plan participants by purchasing Defendant Vidinsky's Valin stock in April 2001.

1    26.    Plaintiff's claims are typical of those of the Plaintiff Class.  Plaintiff, like other

2    Plan participants in the Plaintiff Class, suffered a loss when the Plan purchased Valin stock

3    owned by Defendant Vidinsky for more than fair market value.

4    27.    Plaintiff will fairly and adequately represent and protect the interests of the

5    Plaintiff Class.  Plaintiff has retained counsel competent and experienced in complex class

6    actions, ERISA, and employee benefits litigation.

7    28.    Class certification of Plaintiff's First and Second Claims for Relief for violations

8    of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate

9    actions by individual Class members would create a risk of inconsistent or varying adjudications

10   which would establish incompatible standards of conduct for Defendants, and/or because

11   adjudications with respect to individual Class members would as a practical matter be

12   dispositive of the interests of non-party Class members.

13   29.    In addition, Class certification of Plaintiff's First and Second Claims for Relief

14   for violations of ERISA is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants

15   have acted or refused to act on grounds generally applicable to the Class, making appropriate

16   declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.  The

17   members of the Class are entitled to declaratory and injunctive relief to remedy Defendants'

18   fiduciary violations.

19   30.    Class certification of Plaintiff's First and Second Claims for Relief for violations

20   of ERISA is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact

21   common to the Plaintiff Class predominate over any questions affecting only individual

22   members of the Class and because a class action is superior to other available methods for the

23   fair and efficient adjudication of this litigation.  Defendants' common and uniform policy and

24   practices unlawfully caused the Plan to pay more than fair market value for shares of Valin

25   stock held by Defendant Vidinsky and resulted in Vidinsky profiting at the Plaintiff Class'

26   expense.  The damages suffered by individual Class members are small compared to the

27   expense and burden of individual prosecution of this litigation.  In addition, Class certification is

28   superior because it will obviate the need for unduly duplicative litigation which might result in

1  inconsistent judgments about Defendants' practices.

2      31.    Plaintiff knows of no difficulty which will be encountered in the management of

3  this litigation which would preclude its maintenance as a class action.

4      32.    The names and addresses of the Plaintiff Class are available from the Plan.

5  Notice will be provided to all members of the Plaintiff Class to the extent required by Rule 23.

6                          **FIRST CLAIM FOR RELIEF**
   **[Breach of Fiduciary Duty Under ERISA § 502(a)(2) and (a)(3),**

7      **29 U.S.C. §§ 1132(a)(2) and (a)(3), Against All Defendants]**

8      33.    Plaintiff incorporates Paragraphs 1-32 as though set forth herein.

9      34.    ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires, *inter alia,* that a plan

10 fiduciary discharge his or her duties with respect to a plan solely in the interest of the

11 participants and beneficiaries and with the care, skill, prudence, and diligence under the

12 circumstances then prevailing that a prudent person acting in a like capacity and familiar with

13 such matters would use in the conduct of an enterprise of a like character and with like aims.

14     35.    ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia,* that any person who is a

15  fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or

16 duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the

17 plan any losses to the plan resulting from each such breach, and additionally is subject to such

18 other equitable or remedial relief as the court may deem appropriate, including removal of the

19 fiduciary.

20     36.    ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant to bring a

21  suit for relief under ERISA § 409.

22     37.    ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring a

23 suit to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to

24 enforce the terms of a plan.

25     38.    Defendants Fiduciaries have breached their duties of loyalty and prudence under

26 ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1).  These breaches include but are not limited to

27 failing to conduct a thorough and independent review and adequately consider whether the April

28 2001 purchase of Valin stock from Defendant Vidinsky was in the best interests of the Plan

1   participants; failing to undertake an adequate and independent valuation of the Valin stock in

2   April 2001; failing to adequately consider how recent corporate transactions, such as the sale of

3   real estate to Sycamore Lake in August 2000 for less than the assessed value of the property,

4   affected the value of Valin stock; and overvaluing the Valin stock purchased from Defendant

5   Vidinsky by the Plan in April 2001.

6       39.    Each Defendant is also liable as a co-fiduciary with respect to each

7   fiduciary violation by each other fiduciary of the Plan under ERISA § 405, 29 U.S.C. § 1105.

8       40.    Defendants' actions caused losses to the Plan in an amount to be

9   proven at trial.

10                          **SECOND CLAIM FOR RELIEF**
        **[Engaging in Prohibited Transaction Forbidden by ERISA §§ 406(a)-(b),**
11              **29 U.S.C. §§ 1106(a)-(b), Against All Defendants]**

12      41.    Plaintiff incorporates Paragraphs 1-32 as though set forth herein.

13      42.    ERISA § 406(a), 29 U.S.C. § 1106(a), requires that a plan fiduciary "shall not

14   cause the plan to engage in a transaction, if he knows or should know that such transaction

15   constitutes a direct or indirect sale or exchange, or leasing of any property between the plan and

16   a party in interest," or a "transfer to, or use by or for the benefit of, a party in interest, of any

17   assets of the plan."

18      43.    ERISA § 406(b), 29 U.S.C. § 1106(b), mandates that a plan fiduciary shall not

19   "act in any transaction involving the plan on behalf of a party (or represent a party) whose

20   interests are adverse to the interests of the plan or the interests of its participants," or "deal with

21   the assets of the plan in his own interest or for his own account," or "receive any consideration

22   for his own personal account from any party dealing with such plan in connection with a

23   transaction involving the assets of the plan."

24      44.    ERISA § 408(e), 29 U.S.C. § 1108(e) provides a conditional exemption from the

25   prohibited transaction rules for sale of employer securities by a plan if a sale is made for

26   adequate consideration. ERISA § 3(18)(B) defines adequate consideration as "the fair market of

27   the asset as determined in good faith by the trustee or named fiduciary." ERISA's legislative

28   history and existing case law make clear that ERISA § 3(18)(B) requires that the price paid must

COMPLAINT – CLASS ACTION                                                          Page 8

1    reflect the fair market value of the asset, and the trustee must conduct a prudent investigation to

2    determine the fair market value of the asset.

3        45.    Defendants engaged in a prohibited transaction in violation of ERISA §§ 406(a)-

4    (b), 29 U.S.C. §§ 1106(a)-(b), by failing to ensure that the Plan paid fair market value for Valin

5    stock held by Vidinsky in April 2001.  Specifically, the Plan paid more than fair market value

6    for shares sold by Vidinsky and Defendants failed to conduct an independent and prudent

7    investigation into the fair market price before entering into the stock purchase agreement with

8    Defendant Vidinsky.

9        46.    ERISA § 409, 29 U.S.C. § 1109, provides, *inter alia,* that any person who is a

10   fiduciary with respect to a plan and who breaches any of the responsibilities, obligations, or

11   duties imposed on fiduciaries by Title I of ERISA shall be personally liable to make good to the

12   plan any losses to the plan resulting from each such breach, and additionally is subject to such

13   other equitable or remedial relief as the court may deem appropriate, including removal of the

14   fiduciary.

15       47.    ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), permits a plan participant to bring a

16   suit for relief under ERISA § 409.

17       48.    ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring a

18   suit to obtain appropriate equitable relief to enforce the provisions of Title I of ERISA or to

19   enforce the terms of a plan.

20       49.    Defendant Vidinsky has profited from the prohibited transaction by receiving

21   more than fair market value for the Valin stock he sold to the Plan in April 2001.

22       50.    Defendant Fiduciaries have caused losses to the Plan by the prohibited

23   transactions in an amount to be proven at trial.

24       51.    Each Defendant Fiduciary is also liable as a co-fiduciary with respect to each

25   prohibited transaction by each other fiduciary of the Plan under ERISA § 405, 29 U.S.C. §

26   1105.

27   \\

28   \\

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against the Defendants on each Claim for Relief and for the following relief:

**As to the First Claim for Relief:**

A.    Certify this action as a class action pursuant to F.R.Civ.P.23;

B.    Declare that the Defendants, and each of them, have breached their fiduciary duties to the Plaintiff Class;

C.    Enjoin Defendants, and each of them, from further violations of their fiduciary responsibilities, obligations and duties;

D.    Issue a preliminary and permanent injunction removing the Defendant Fiduciaries, and each of them, as members of the Plan Committee and Trustees of the Plan and/or barring the Defendant Fiduciaries, and each of them, from serving as members of the Plan Committee or Trustees of the Plan in the future, and appointing independent fiduciaries as Trustees and members of the Plan Committee;

E.    Order that Defendant Fiduciaries and each of them, make good to the Plan and/or to any successor trust(s) the losses resulting from their breaches and restoring any profits they have made through use of assets of the Plan, including, but not limited to, by forfeiting their Plan accounts, providing and accounting for profits, and /or imposing a constructive trust on any profits earned by any of the Defendant Fiduciaries;

F.    Award Plaintiffs reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the common fund;

G.    Order Defendants to pay prejudgment interest; and

H.    Award such other and further relief as the Court deems equitable and just.

**As to the Second Claim for Relief:**

A.    Certify this action as a class action pursuant to F.R.Civ.P.23;

B.    Declare that the Defendants, and each of them, have breached their fiduciary responsibilities to the Plaintiff Class;

1    C.    Enjoin Defendants, and each of them, from further violations of their

2    fiduciary responsibilities, obligations and duties;

3    D.    Issue a preliminary and permanent injunction removing the Defendants,

4    and each of them, as members of the Plan Committee and Trustees of the Plan and/or barring

5    the Defendant Fiduciaries, and each of them, from serving as members of the Plan Committee or

6    Trustees of the Plan in the future, and appointing independent fiduciaries as Trustees and

7    members of the Plan Committee;

8    E.    Declare that the Defendants and each of them engaged in  prohibited transactions

9    in violation of ERISA §§ 406(a)-(b), 29 U.S.C. §§ 1106(a)-(b), by causing  the Plan to purchase

10    Valin stock from Defendant Vidinsky for more than adequate consideration.

11    F.    Order Defendants, and each of them, make good to the Plan and/or to

12    any successor trust(s) the losses resulting from their breaches and restoring any profits they have

13    made through use of assets of the Plan, including, but not limited to, by forfeiting their Plan

14    accounts, providing and accounting for profits, and /or imposing a constructive trust on any

15    profits earned by any of the Defendants;

16    G.    Order Defendant Vidinsky to return the payment he received for his Valin stock

17    in April 2001 to the Plan along with any profits that he has earned on this payment, order

18    Defendants to disgorge their profit from the prohibited transactions to the Plan, impose a

19    constructive trust upon the profits earned by any of the Defendants from violations of fiduciary

20    obligations, order an accounting for profits by Defendants, and/or order other appropriate

21    equitable relief.

22    H.    Order Defendants to pay prejudgment interest.

23    I.    Award Plaintiffs reasonable attorneys' fees and costs of suit incurred herein

24     pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), and/or for the benefit obtained for the

25    common fund; and

26    J.    Award such other and further relief as the Court deems equitable and just.

27    \\

28    \\

COMPLAINT – CLASS ACTION                                                    Page 11

1    Dated: November 30, 2004                        Respectfully submitted,

2                                                    LEWIS, FEINBERG,
                                                     RENAKER & JACKSON, P.C.
3
                                          By:    _____
4                                                    Daniel Feinberg
                                                     Attorneys for Plaintiff
5

6

7

8

9

10

11

12

13
     [S:\Cases\Valin ESOP 04-51\Valin Complaint.ECF.wpd]
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT – CLASS ACTION