1  Daniel Feinberg – CA State Bar No. 135983
   Email: dfeinberg@lewisfeinberg.com
2  Margaret E. Hasselman – CA State Bar No. 228529
   Email: mhasselman@lewisfeinberg.com
3  LEWIS, FEINBERG, RENAKER & JACKSON, P.C.
   1330 Broadway, Suite 1800
4  Oakland, CA 94612
   Telephone: (510) 839-6824
5  Facsimile: (510) 839-7839

6  Attorneys for Plaintiff

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11

| | |
|---|---|
| 12  ERIK UDD, individually and on behalf of a class of all other persons similarly situated, | ) ) ) Case No. CV 04-05080 JW |
| 13  Plaintiff, | ) ) |
| 14  vs. | ) ) **PLAINTIFF'S MOTION FOR** |
| 15  ALAN B. VIDINSKY, DONALD C. LIGHTBODY, ALAN B. VIDINSKY & | ) **PRELIMINARY APPROVAL OF** ) **CLASS ACTION SETTLEMENT AND** ) **CLASS CERTIFICATION** |
| 16  JOANNE K. VIDINSKY 1993 TRUST, and VALIN CORPORATION AMENDED | ) |
| 17  EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST COMMITTEE, | Date:        March 13, 2006 Time:        10:00 a.m. Courtroom:  8, 4th Floor |
| 18  Defendants. | |

19

20

21

22

23

24

25

26

27

28

**NOTICE IS HEREBY GIVEN** that on March 13, 2006, at 10:00 a.m, or as soon thereafter as the matter may be heard in Courtroom 8 of the above-entitled Court, Plaintiff Erik Udd will and hereby does move the Court as follows:

1.      To certify that this action is maintainable as a class action under Fed R. Civ. P. 23(b)(1) and (b)(2).

2.      To certify the Named Plaintiff as representative of the Plaintiff Class.

3.      To appoint Plaintiff's counsel of record as counsel for the Plaintiff Class.

4.      To preliminarily approve the Stipulation of Settlement between Plaintiff and Defendants Alan B. Vidinsky, Alan B. Vidinsky & Joanne K. Vidinsky 1993 Trust ("Vidinsky Trust"), Donald C. Lightbody, and Valin Corporation Amended Employee Stock Ownership Plan and Trust Committee ("Committee").

5.      To set dates for the submission of any objections to the Stipulation of Settlement.

6.      To set a final approval hearing.

7.      To approve the form and authorize the mailing of the Notice of Settlement to Class members.

This motion is based on the Amended Complaint, the Stipulation of Settlement, the Memorandum of Points and Authorities and Declaration of Daniel Feinberg filed herewith and in support of this Motion, and all other papers filed in this action.

DATED: February 15, 2006

Respectfully submitted,

LEWIS, FEINBERG,
RENAKER & JACKSON, P.C.

By:

Daniel Feinberg
Attorneys for Plaintiff

# TABLE OF CONTENTS

**Page No.**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

I.      HISTORY AND STATUS OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     TERMS OF THE SETTLEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.    CLASS CERTIFICATION OF PLAINTIFF'S CLAIMS UNDER RULE 23 IS
        APPROPRIATE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.      The Requirements of Rule 23(a) Are Satisfied. . . . . . . . . . . . . . . . . . . . . . . 4

                1.      The Class Is So Numerous that Joinder of All Members Is
                        Impracticable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

                2.      There Are Questions of Law and Fact Common to the Class . . . . . . . . . 6

                3.      The Claims of the Representative Plaintiff Are Typical of the Claims of
                        the Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

                4.      The Representative Plaintiff and His Counsel Will Fairly and Adequately
                        Protect the Interests of the Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        B.      Certification Under Rule 23(b)(1) or (b)(2) Is Appropriate. . . . . . . . . . . . . . 10

                1.      The Requirements of Rule 23(b)(1)(B) Are Met . . . . . . . . . . . . . . . . . . 11

                2.      The Requirements of Rule 23(b)(2) Are Met . . . . . . . . . . . . . . . . . . . . 12

V.      THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL . . . . . . . . 13

VI.     THE PROPOSED NOTICE SATISFIES DUE PROCESS AND SHOULD BE
        APPROVED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

VII.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

1

## <u>TABLE OF AUTHORITIES</u>

2

Page No.

3

**<u>Federal Cases</u>**

4

Adamson v. Bowen, 855 F.2d 668 (10th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

5

Baby Neal v. Casey, 43 F.3d 48 (3d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

6

Becher v. Long Island Lightning Co., 164 F.R.D. 144 (E.D. N.Y. 1996) . . . . . . . . . . . . . passim

7

Bower v. Bunker Hill Co., 114 F.R.D. 587 (E.D. Wash. 1986) . . . . . . . . . . . . . . . . . . 10, 12

8

Burns v. Elrod, 757 F.2d 151 (7th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

9

Califano v. Yamasaki, 442 U.S. 682 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

10

Coleman v. Pension Benefit Guaranty Corp., 196 F.R.D. 193 (D.D.C. 2000) . . . . . . . . . . . . 7

11

Cook v. Rockwell Intern. Corp., 151 F.R.D. 378 (D. Colo. 1993) . . . . . . . . . . . . . . . . . . . 6

12

Daggett v. Blind Enterprises of Oregon, 1996 U.S. Dist. LEXIS 22465 (D. Or. 1996) . . . . . . 5, 8

13

Eisen v. Carlisle & Jacquelin, 417 U.S. 156 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

14

Foltz v. U.S. News & World Report, Inc., 106 F.R.D. 338 (D.D.C. 1984) . . . . . . . . . . . . . . 7, 8

15

Forbush v. J.C. Penney Co., Inc., 994 F.2d 1101 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . 6

16

Freedman v. Louisiana-Pacific Corp., 922 F.Supp. 377 (D. Or. 1996) . . . . . . . . . . . . . . . 4, 5

17

General Tel. Co. v. Falcon, 457 U.S. 147 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18

Gruby v. Brady, 838 F.Supp. 820 (S.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

19

Halford v. Goodyear Tire & Rubber Co., 161 F.R.D. 13 (W.D.N.Y. 1995) . . . . . . . . . . . . . 12

20

Hanlon v. Chrysler Corp., 150 F.3d 1011 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 6, 9

21

Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909 (9th Cir. 1964) . . . . . . . . . . . . . 5

22

In re IKON Office Solutions, Inc. Sec. Litig., 191 F.R.D. 457 (E.D. Pa. 2000) . . . . . . . . . . 4, 11

23

In re Itel Sec. Litigation, 89 F.R.D. 104 (N.D. Cal. 1981) . . . . . . . . . . . . . . . . . . . . . . . 5

24

Joseph v. General Motors Corp., 109 F.R.D. 635 (D. Colo. 1986) . . . . . . . . . . . . . . . . . . 5

25

Kane v. United Independent Union Welfare Fund, 1998 U.S. Dist. LEXIS 1965
    (E.D. Pa. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

26

Kayes v. Pacific Lumber Co., 51 F.3d 1449 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . 4

27

Koch v. Dwyer, 2001 U.S. Dist. LEXIS 4085 (S.D. N.Y. 2001) . . . . . . . . . . . . . . . . . . . . passim

28

Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332 (11th Cir. 1984) . . . . . . . . . . . . . . 7, 8

Liebman v. J.W. Petersen Coal & Oil Co., 73 F.R.D. 531 (N.D. Ill. 1973) . . . . . . . . . . . . . . . 14

Marshall v. Holiday Magic, Inc., 550 F.2d 1173 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . 15

Milonas v. Williams, 691 F.2d 931 (10th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Morgan v. Laborers Pension Trust Fund, 81 F.R.D. 669 (N.D. Cal 1979) . . . . . . . . . . . . . . . 10

Schwartz v. Celestial Seasonings, Inc., 178 F.R.D. 545 (D. Colo. 1998) . . . . . . . . . . . . . . . 5, 8

Shultz v. Teledyne, 657 F.Supp. 289 (W.D. Pa. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Specialty Cabinets & Fixtures, Inc. v. American Equitable Life Ins. Co., 140 F.R.D. 474
   (S.D. Ga. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Stoetzner v. U.S. Steel Corp., 897 F.2d 115 (3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

Torrisi v. Tucson Electric Power Co., 8 F.3d 1370 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . 15

Walsh v. Great Atlantic & Pacific Tea Co., 726 F.2d 956 (3d Cir. 1983) . . . . . . . . . . . . . . . . 11

Walsh v. Northrop Grumman Corp., 162 F.R.D. 440 (E.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . 7

Walters v. Reno, 145 F.3d 1032 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

Westman v. Textron, Inc., 151 F.R.D. 229 (D. Conn. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Wilcox Dev. Co. v. First Interstate Bank of Or., 97 F.R.D. 440 (D. Or. 1983) . . . . . . . . . . . . . 5

**Federal Statutes**

29 U.S.C. § 1132(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

29 U.S.C. §1109 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Federal Rules**

Fed. R. Civ. P. Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

**Other Authorities**

Manual for Complex Litigation, 3d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 15

Newberg on Class Actions (3d. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

1     **MEMORANDUM OF POINTS AND AUTHORITIES**

2          Plaintiff Erik Udd on behalf of himself and the Class, has reached a settlement agreement

3     with the Defendants.  Pursuant to Fed.R. Civ. P. 23(e), Plaintiff requests that the Court certify

4     this Action as a Class Action for settlement purposes and preliminarily approve the settlement for

5     submission to the Class.  Setting a final approval hearing in June 2006 would give sufficient time

6     to mail notice and give Class members an opportunity to comment on the settlement.

7     **I.     HISTORY AND STATUS OF THE CASE.**

8          Plaintiff originally filed this class action lawsuit on December 1, 2004.  The Amended

9     Complaint was filed on July 27, 2005.  The Amended Complaint asserted claims against

10    Vidinsky, the Vidinsky Trust, Lightbody, and the Committee (Vidinsky and the Vidinsky Trust

11    are sometimes herein referred to collectively as the "Vidinsky Defendants") for violations of the

12    Employee Retirement Income Security Act of 1974, as amended ("ERISA"), including a claim

13    for breach of fiduciary duty.  The Amended Complaint sought injunctive, declaratory and

14    monetary relief.  All of the claims related to the July 12, 2001 sale of 77,250 shares of Valin

15    Corporation common stock by the Vidinsky Trust to the Valin Corporation Amended Employee

16    Stock Ownership Plan and Trust (the "ESOP" or "Plan") for total consideration of

17    $6,000,007.50.

18          Valin stock is not publicly traded.  An outside valuation firm, American Qualified Plans,

19    prepared a valuation report for the July 12, 2001 transaction.  Plaintiff alleges that the valuation

20    was not done properly and that the share price for the transaction was too high.  Defendants deny

21    these allegations, and assert that the price established by the valuation and paid by the ESOP for

22    the stock was correct.

23          After conducting extensive discovery and deposing the key witnesses, the parties

24    conducted a Mediation with the Honorable Judge (Ret.) Charles Renfrew on September 16, 2005.

25    With Judge Renfrew's assistance, the parties agreed to the settlement terms described below.

26    ///

27    ///

28    ///

## II.   TERMS OF THE SETTLEMENT.

The terms of the Proposed Settlement are set forth in detail in the parties' Stipulation of Settlement (Exhibit D to the Declaration of Daniel Feinberg) which is hereby incorporated by reference.

The Settlement provides for a settlement class under Fed. R. Civ. P. Rule 23(b)(1) and (2) consisting of all Plan participants or beneficiaries whose Company Stock Accounts in the Plan were credited with additional shares of Valin Corporation common stock as a result of the July 12, 2001 transaction. Excluded from the Class are Defendants Vidinsky and Lightbody.

The parties agreed to select an independent appraiser to determine the number of shares of Valin common stock that could have been purchased by the Plan from the Vidinsky Trust at fair market value on July 12, 2001, for total consideration of $6,000,007.50 (the "Lookback Valuation"). After interviewing several candidates, the parties selected Duff & Phelps, LLC ("D & P") to perform the Lookback Valuation. In performing the Lookback Valuation, D & P was required to consider any and all information that would have been available to an appraiser as of July 12, 2001. D & P was not permitted to consider any information that was not available as of July 12, 2001. No other limits were placed on the information to which D & P had access. Information provided to the appraiser included, but was not limited to, the June 2001 draft budgets, monthly financial statements for April 2001 and May 2001, and permission to interview Valin employees and former employees. There were no ex parte contacts between D & P and counsel for any party.

In its Lookback Valuation report dated January 27, 2006, D & P determined that the Plan could have purchased 130,577 shares of Valin common stock from the Vidinsky Trust at fair market value on July 12, 2001, for $6,000,007.50. Since the Plan received only 77,250 shares on July 12, 2001, the ESOP will receive 53,327 additional shares of Valin common stock as a result of the Lookback Valuation (plus cash or additional shares for payment of interest) when this Settlement becomes final.

The interest payment will be calculated at the rate of 6 percent (simple interest) per year and may be paid in the form of cash or additional shares of Valin stock valued as of July 31,

2005.  D & P is currently preparing the July 31, 2005 valuation and this valuation report should be available by the time of the hearing on this Motion.

In sum, the Settlement provides for:

- The Vidinsky Trust and/or Mr. Vidinsky's ESOP account will pay 53,327 additional shares of Valin common stock (plus cash or additional shares in an amount to be determined for payment of interest) to the Plan on behalf of the Class Members.  The additional shares represent more than 10 percent of Valin's outstanding shares.  Based upon the Lookback Valuation, the additional 53,327 shares of Valin stock were worth approximately $2.45 million as of the date of the disputed July 2001 transaction, or about 40 percent of the $6 million transaction.

- Defendants Vidinsky and Lightbody will be replaced as the Plan's fiduciaries.  The new Plan Committee will be appointed by the Company's Board of Directors and will include at least three people.

- The Vidinsky Defendants will pay Class Counsel's reasonable attorneys' fees and costs.

- The Vidinsky Defendants will reimburse Valin for all costs of defense in this action that Valin paid under the Plan's indemnification provision.

- Defendants will pay $4,000 to Plaintiff for his services as Class Representative.

Plaintiff's counsel believes that the proposed Settlement is a fair resolution of contested claims.

Plaintiff has asserted claims pursuant to ERISA §409, 29 U.S.C. §1109, which limits recovery to "any losses to the Plan."  Thus, the Vidinsky Trust and/or Mr. Vidinsky's ESOP account will transfer the additional Valin shares to the Plan, and the Plan will then allocate the shares to Class Member accounts in accordance with the terms of the Plan.

In consideration for the additional shares and other relief described above, the Class Members will release all claims against the Defendants relating to the July 2001 transaction and any other alleged breach of fiduciary duty prior to the September 16, 2005 Mediation.  The Release does *not* include any claims in a shareholder derivative action currently pending in San Francisco County Superior Court.

///

**III.   CLASS CERTIFICATION OF PLAINTIFF'S CLAIMS UNDER RULE 23 IS APPROPRIATE.**

A class action is "peculiarly appropriate" when a case raises legal issues "common to the class as a whole" since in such a case, Rule 23 provides an economical vehicle for a resolution of multiple common claims. *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979). Under this standard, ERISA breach of fiduciary duty cases are appropriate for class action treatment. *Kayes v. Pacific Lumber Co.*, 51 F.3d 1449, 1461-1463 (9th Cir. 1995). *See also, e.g., In re IKON Office Solutions, Inc. Sec. Litig.*, 191 F.R.D. 457, 462 (E.D. Pa. 2000) (certifying class in ERISA case alleging that defendants committed breaches of fiduciary duty).

Here, Defendants' course of conduct in the disputed July 2001 transaction raises liability issues that are common to the proposed Class as a whole. Such issues can be efficiently litigated in the context of a class action without the need for multiple, individual lawsuits and the possibility of conflicting legal determinations concerning the propriety of Defendants' actions.

In deciding whether a particular case is appropriate for class action treatment, a court is not to be concerned with the merits of the action or the question of who will prevail. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). To be certified as a class action, a case must meet the four prerequisites of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a); *Freedman v. Louisiana-Pacific Corp.*, 922 F. Supp. 377, 398 (D. Or. 1996). In addition, the case must fit into one or more of the categories set forth in Rule 23(b). Fed. R. Civ. P. 23(b); *Freedman*, 922 F.Supp. at 938. As demonstrated below, this case meets the requirements of Fed. R. Civ. P. 23(a) and (b).

**A.   The Requirements of Rule 23(a) Are Satisfied.**

Each of the four basic prerequisites enumerated in Rule 23 of the Federal Rules of Civil Procedure — numerosity, commonality, typicality, and adequacy — is satisfied in this case.

**1.   The Class Is So Numerous that Joinder of All Members Is Impracticable.**

Rule 23(a)(1) requires that the proposed class be so numerous that the joinder of all class members is impracticable. "To satisfy the requirements of Rule 23(a), plaintiffs must first

1  adequately define the class and then establish that it is so numerous that joinder of all members is

2  impractical." *Schwartz v. Celestial Seasonings, Inc.*, 178 F.R.D. 545, 550 (D. Colo. 1998).

3  "[T]he description of the class must be sufficiently definite so that it is administratively feasible

4  for the court to ascertain whether a particular individual is a member." *Joseph v. General Motors*

5  *Corp.*, 109 F.R.D. 635, 639 (D. Colo. 1986). Here, Plaintiff seeks to certify a class of consisting

6  of:

7        all Plan participants or beneficiaries whose Company Stock Accounts in the Plan were

8        credited with additional shares of Valin Corporation common stock as a result of the July

9        12, 2001 transaction. Excluded from the class are Defendants Vidinsky and Lightbody.

10  The members of the class are, thus, easily ascertainable from the Plan's administrative records

11  and the proposed Class is sufficiently definite. The Plan's Form 5500 shows that there are about

12  200 Plan participants. (Exhibit A to Declaration of Daniel Feinberg.)

13        "The specific requirement that the class be so numerous that joinder of all members is

14  impractical does not mean that joinder must be impossible, but rather means only that the court

15  must find that the difficulty or inconvenience of joining all members of the class makes class

16  litigation desirable." *In re Itel Sec. Litigation*, 89 F.R.D. 104, 112 (N.D. Cal. 1981) (citing *Harris*

17  *v. Palm Springs Alpine Estates, Inc.*, 329 F2d 909, 913-914 (9th Cir. 1964). Thus, classes much

18  smaller than the proposed Class here have been found to satisfy the numerosity requirement.

19  *See, e.g., Wilcox Dev. Co. v. First Interstate Bank of Or.*, 97 F.R.D. 440, 443 (D. Or. 1983)("This

20  district has held that, as a 'rough rule of thumb,' approximately forty members is sufficient to

21  satisfy the numerosity requirement"); *Daggett v. Blind Enterprises of Oregon*, 1996 U.S. Dist.

22  LEXIS 22465 at *48 (D. Or. 1996) (class of estimated 93 persons); *In re Itel Sec. Litigation*, 89

23  F.R.D. at 111 (joinder impracticable for classes of 104 and 114 defendants-underwriters). The

24  exact number of class members need not be known for certification to be proper. 1 *Newberg*, §

25  3.04; *see Freedman*, 922 F. Supp. at 698.

26        The Class here satisfies the numerosity requirement. Where, as here, a proposed class is

27  sufficiently defined and has about 200 members, the numerosity requirement is satisfied.

28

## 2.    **There Are Questions of Law and Fact Common to the Class.**

Under Fed. R. Civ. P. 23(a)(2), Plaintiff must show that there are questions of law or fact common to the Class. As the Ninth Circuit has made clear, "[t]he existence of shared legal issues with divergent factual predicates is sufficient [to satisfy the commonality requirement], as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F3d 1011, 1019 (9th Cir. 1998). Demonstrating "the existence of significant common legal or factual issues is enough to satisfy Rule 23(a)(2)'s threshold commonality requirement." *Cook v. Rockwell Intern. Corp.*, 151 F.R.D. 378, 385 (D. Colo. 1993). The fact that there may be differences in some of the facts relevant to the claims of particular class members does not defeat commonality. *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982). This requirement is "easily met." *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994); *see Forbush v. J.C. Penney Co., Inc.*, 994 F. 2d 1101, 1106 (5th Cir. 1993) (threshold of commonality is not high). As stated in *Newberg on Class Actions*:

> Rule 23(a)(2) does not require that all questions of law or fact raised in the litigation be common. The test or standard for meeting the Rule 23(a)(2) prerequisite is qualitative rather than quantitative – that is, there need only be a single issue common to all members of the class. Therefore, this requirement is easily met in most cases.

1 *Newberg*, § 3.10 at pp. 3-48 to 3-50.

Here, the requirement of a common question of law or fact is met. All Class members share numerous common questions of law and/or fact, including the following:

(a)    Did the Plan pay more than fair market value for the Valin shares purchased from the Vidinsky Trust on July 12, 2001?

(b)    Did Defendants Vidinsky and the Committee conduct an adequate investigation of the proposed transaction before having the Plan purchase the Valin shares from the Vidinsky Trust on July 12, 2001?

(c)    What is the appropriate relief that should be granted under ERISA § 502(a)(2) and (3), 29 U.S.C. § 1132(a)(2) and (3), to remedy any fiduciary violation?

In the ERISA context, courts repeatedly have held that such questions satisfy Rule 23(a)'s commonality requirement. *See, e.g., Koch v. Dwyer,* 2001 U.S. Dist. LEXIS 4085, *8-*9 (S.D.

N.Y. 2001) (finding common issue as to whether the investment of the plans' assets in certain stock was prudent); *Kane v. United Independent Union Welfare Fund,* 1998 U.S. Dist. LEXIS 1965, *20 (E.D. Pa. 1998) (finding plaintiffs' claims against trustees for prohibited transactions and failure to take reasonable care in exercising their fiduciary obligations were both common and typical with respect to all fund participants and that all participants would be injured in substantially the same manner by the alleged breach of fiduciary duty); *Becher v. Long Island Lightning Co.*, 164 F.R.D. 144, 150 (E.D. N.Y. 1996) (finding commonality where the same conduct was directed at the class when defendants provided multiple written descriptions of plan benefits that concealed or misrepresented the consequences of withdrawal of contributions on future benefits); *Foltz v. U.S. News & World Report, Inc.*, 106 F.R.D. 338, 340 (D.D.C. 1984) (holding that whether employer breached fiduciary duty to participants in undervaluing their stock was a common question; *Coleman v. Pension Benefit Guaranty Corp.*, 196 F.R.D. 193, 198 (D.D.C. 2000) (holding whether plan amendment complied with ERISA was a question affecting all class members sufficient to satisfy commonality requirement); *Walsh v. Northrop Grumman Corp.*, 162 F.R.D. 440 (E.D.N.Y. 1995) (finding that common issues included whether defendants breached their fiduciary duty by failing to undertake an intensive investigation of the effects of the merger of two companies on a plan, and whether defendants failed to disseminate accurate information to the employee shareholders).

### 3.   The Claims of the Representative Plaintiff Are Typical of the Claims of the Class.

The "claims . . . of the representative parties [must be] typical of the claims . . . of the class." F. R. Civ. P. 23(a)(3). "There must be a nexus between the class representative's claims or defenses and the common questions of fact or law which unite the class." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). As the Supreme Court has noted, because both commonality and typicality focus on the similarity of the claims, the two requirements "tend to merge." *General Tel. Co. v. Falcon*, 457 U.S. 147, 157, n.13 (1982).

"A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal

1 theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). As

2 stated in *Newberg*, "When it is alleged that the same unlawful conduct was directed at or affected

3 both the named plaintiff and the class. . ., the typicality requirement is usually met irrespective of

4 varying fact patterns which underlie individual claims." 1 *Newberg*, § 3.14 at p. 3-77.

5      Where, as here, Plaintiff and the Class have been subject to identical treatment by plan

6 fiduciaries the typicality requirement of Rule 23(a)(3) is met. *See Koch,* 2001 U.S. Dist. LEXIS

7 4085 at *9 (plaintiffs were subject to identical treatment where alleged breaches of fiduciary duty

8 pursuant to ERISA caused losses to all participants' retirement accounts); *Kane,* 1998 U.S. Dist.

9 LEXIS 1965 *at* *20; *Schwartz*, 178 F.R.D. at 551-52 (finding interests of named plaintiffs

10 "coextensive with and typical of those of all class members" where plaintiffs' claims arose out of

11 the same alleged course of conduct and were based on the same legal theories as the proposed

12 class members'); *Daggett*, 1996 U.S. Dist. LEXIS 22465 at *56-57 (finding typicality where

13 plaintiffs alleged "injury by the same course of conduct consisting of discriminatory treatment at

14 the same work facility operated by the same central management group").

15      In this action, the Class representative has asserted claims that arise from the same course

16 of conduct by Defendants that gave rise to the claims of the other Class members. The claims of

17 the named Plaintiff and all Class members arise out of the disputed July 12, 2001 transaction

18 between the Plan and the Vidinsky Trust; therefore, Plaintiff and the proposed Class have the

19 same factual basis for their claims.

20      Moreover, the proposed Class representative's claims are all based on alleged violations

21 of Defendant Trustees' obligations under ERISA §502(a)(2) and (3), 29 U.S.C. §§ 1132(a)(2)

22 and (3), as are the claims of all Class members. *See, e.g., Schwartz*, 178 F.R.D. at 551-52

23 (finding typicality where plaintiffs' claims arose out of the same alleged course of conduct and

24 were based on the same legal theories as the class); *Kane,* 1998 U.S. Dist. LEXIS 1965 *at* *20;

25 *Foltz*, 106 F.R.D. at 340 (finding typicality where the named plaintiffs and class members had all

26 their company stock undervalued by their employer at the same rate). Therefore, Plaintiff's legal

27 theories are the same as the legal theories for the Class.

28

1    It is not necessary to a finding of typicality that all class members suffer the same injury

2  as the class representative. *See Adamson v. Bowen,* 855 F.2d 668, 676 (10th Cir. 1988); *Milones*

3  *v. Williams,* 691 F.2d at 938. "[D]iffering fact situations of class members do not defeat

4  typicality under Rule 23(a)(3) so long as the claims of the class representative and class members

5  are based on the same legal or remedial theory." *Adamson,* 855 F.2d at 676. "It is sufficient if

6  class members complain of a pattern or practice that is generally applicable to the class as a

7  whole. Even if some class members have not been injured by the challenged practice, a class

8  may nevertheless be appropriate." *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). Thus,

9  whether the Class representative has a greater or lesser pension benefit at risk will not defeat

10  certification of the Class.

11    **4.    The Representative Plaintiff and His Counsel Will Fairly and
       Adequately Protect the Interests of the Class.**

12

13    The fourth and final prerequisite of Rule 23(a) is that a proposed class representative

14  must be able to "fairly and adequately protect the interests of the class." "Resolution of two

15  questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any

16  conflicts of interest with other class members and (2) will the named plaintiffs and their counsel

17  prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. Both of these

18  elements are satisfied here.

19    First, as discussed above, the interests of the representative Plaintiff are coextensive with

20  those of the members of the Class. Further, there is nothing in the record to suggest that the

21  named Plaintiff has any interest that is antagonistic to the interests of the Class. The Plaintiff and

22  the Class members share a common interest in challenging the terms of the July 12, 2001

23  transaction on behalf of the Plan.

24    The second element of this test is satisfied as well. The Class representative has retained

25  counsel who are qualified and experienced in the issues raised in this litigation. (*See* Declaration

26  of Daniel Feinberg, ¶¶ 3 - 5 and Exhibit B.) The firm resume of Plaintiff's counsel attest to their

27  extensive experience in ERISA litigation and class action litigation generally. Thus, Plaintiff's

28  counsel are well qualified to represent the members of the Class.

1    Given the qualifications of Plaintiff's counsel and the absence of any conflicts between

2    the named Plaintiff and Class, Plaintiff satisfies the adequacy requirement.

3    **B.   Certification Under Rule 23(b)(1) or (b)(2) Is Appropriate.**

4    As shown in Section III. A. above, the four requirements of F. R. Civ. P. 23(a) are

5    satisfied here. In addition, Plaintiff must establish that one or more subsections of Rule 23(b) is

6    satisfied. Here, certification would be proper under either Rule 23(b)(1) or 23(b)(2).

7    ERISA classes are generally certified under Rule 23(b)(1)(B) or, alternatively, under Rule

8    23(b)(2). *See, e.g., Specialty Cabinets & Fixtures, Inc. v. American Equitable Life Ins. Co.*, 140

9    F.R.D. 474, 477 (S.D. Ga. 1991) (ERISA class certified under Rule 23(b)(1)(B) where plaintiff

10   class alleged claims for benefits and breach of fiduciary duty); *Westman v. Textron, Inc.*, 151

11   F.R.D. 229, 231 (D. Conn. 1993) (holding certification of ERISA class proper under either Rule

12   23(b)(1)(A) or (b)(1)(B) where class alleged claims for breach of fiduciary duty); *Gruby v.*

13   *Brady*, 838 F.Supp. 820, 828 (S.D.N.Y. 1993) (certifying class under Rule 23 (b)(1)(B)); *Koch*,

14   2001 U.S. Dist. LEXIS 4085 at *15 (class certified under Rule 23(b)(1)(B)); *Kane v. United*

15   *Independent Union Welfare Fund,* 1998 U.S. Dist. LEXIS 1965, *23-*25 (class certified under

16   Rule 23(b)(1)(B)); *Becher v. Long Island Lighting Co.*, 164 F.R.D.144,153 (E.D.N.Y. 1996)

17   (certified plaintiffs' claims for breach of fiduciary duty and entitlement to benefits under both

18   Rule 23(b)(1) and (b)(2)); *Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 119 (3d Cir. 1990)

19   (upholding certification under Rule 23 (b)(2) where plaintiffs sought entitlement to benefits and

20   alleged defendants had breached their fiduciary duties by denying benefits); *Morgan v. Laborers*

21   *Pension Trust Fund*, 81 F.R.D. 669, 681 (N.D. Cal 1979) (certified plaintiffs' claims seeking

22   injunction requiring modification of plan rules under Rule 23(b)(2)); *Bower v. Bunker Hill Co.*,

23   114 F.R.D. 587, 596 (E.D. Wash. 1986) (certified plaintiffs claims seeking declaration that

24   vested benefits were improperly terminated under Rule 23(b)(2)). While an ERISA class may be

25   certified under Rule 23(b)(3), it is preferable to certify it under Rule 23(b)(1) or Rule 23(b)(2)

26   because of the superior *res judicata* effect of the litigation with regard to claims of all class

27   members. *See, e.g., Stoetzner*, 897 F.2d at 119; *Specialty Cabinets*, 140 F.R.D. at 477.

28   ///

1        **1.    The Requirements of Rule 23(b)(1)(B) Are Met.**

2            Rule 23(b)(1)(B) authorizes class treatment where individual actions by class members

3    would create a risk of "adjudications with respect to individual members of the class which

4    would as a practical matter be dispositive of the interests of the other members not parties to the

5    adjudications or substantially impair or impede their ability to protect their interests." The

6    Advisory Committee Note to the rule emphasizes that this provision is particularly applicable

7    where trust beneficiaries charge a breach of trust by a fiduciary:

8            The same reasoning applies to an action which charges a breach of trust by an indenture
             trustee or other fiduciary similarly affecting the members of a larger class of security
9            holders or other beneficiaries, and which requires an accounting or like measures to
             restore the subject of the trust.
10

11   1966 Advisory Committee Note, Rule 23.

12           Accordingly, courts have certified ERISA breach of fiduciary duty claims, including those

13   alleging imprudent investments, monitoring of investment managers, and other breaches of

14   fiduciary duty, under Rule 23(b)(1)(B). *See, e.g., Koch*, 2001 U.S. Dist. LEXIS 4085 at *15

15   (class certified under Rule 23(b)(1)B) where plaintiffs alleged breach of fiduciary duty and relief

16   would be dispositive of interests of all plan members); *Kane,* 1998 U.S. Dist. LEXIS 1965, *23-

17   *25 (class certified under Rule 23(b)(1)(B) where relief granted for alleged prohibited

18   transactions and breaches of fiduciary duty will inure to the benefit of the plan as a whole);

19   *Gruby v. Brady*, 838 F.Supp. at 828 (certifying class under Rule 23 (b)(1)(B) where plaintiffs

20   alleged both breach of fiduciary duties and imprudent plan management); *Becher*, 164 F.R.D. at

21   153. *See also Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F.2d 956, 960 (3d Cir. 1983); *In

22   re IKON Office Solutions*, 191 F.R.D. at 467 (certifying under Rule 23(b)(1)(A) and/or (B));

23   *Specialty Cabinets*, 140 F.R.D. at 477-479.

24           Here, the Court's adjudication of whether Defendants breached their fiduciary duties or

25   other provisions of ERISA as a result of the July 12, 2001 transaction will, as a practical matter,

26   dispose of the Class members' claims in those regards. Rule 23(b)(1)(B), therefore, is a proper

27   vehicle for certification of this case. Moreover, this case is analogous to the situation specifically

28

1    mentioned in the Advisory Committee Notes cited above:  Plaintiff alleges breaches of trust by

2    the Plan's fiduciaries that affected all of the Class members.

3                    **2.      The Requirements of Rule 23(b)(2) Are Met.**

4            The proposed Class also qualifies for certification under Rule 23(b)(2) because

5    Defendants have "acted or refused to act on grounds generally applicable to the class, thereby

6    making appropriate final injunctive relief or corresponding declaratory relief with respect to the

7    class as a whole . . . ." F. R. Civ. P. 23(b)(2).  Certification under Rule 23(b)(2) is proper where,

8    as here, the remedies a class seeks – declaratory and injunctive relief – do not depend on the

9    factual differences among the class members. *Walters v. Reno*, 145 F3d 1032, 1047 (9th Cir.

10   1998).  This requirement "is almost automatically satisfied in actions primarily seeking

11   injunctive relief . . . ." *See Baby Neal*, 43 F.3d at 58-59.  What is important under Rule 23(b)(2)

12   is that the relief sought by the named plaintiffs benefit the entire class. *Id.*

13          Rule 23(b)(2), like Rule 23(b)(1)(B), has been a frequent vehicle for certification of

14   classes in ERISA actions, including actions alleging breaches of fiduciary duty. *See, e.g.,*

15   *Becher*, 164 F.R.D. at 153-54 (certifying class under Rule23(b)(2) where plaintiffs' request for

16   injunctive relief was based on allegations of misrepresentations, concealment and breach of

17   fiduciary duty common to all members); *Stoetzner*, 897 F.2d at 119 (upholding certification

18   under Rule 23(b)(2) where plaintiffs sought entitlement to benefits and alleged defendants had

19   breached their fiduciary duties by denying benefits); *Bower v. Bunker Hill Co.*, 114 F.R.D. at 596

20   (certified class of plaintiffs seeking declaration that vested benefits were improperly terminated

21   under Rule 23(b)(2)). *See also Halford v. Goodyear Tire & Rubber Co.*, 161 F.R.D. 13, 16

22   (W.D.N.Y. 1995); *Shultz v. Teledyne*, 657 F. Supp. 289, 295 (W.D. Pa. 1987).

23          In this action, Defendants' alleged misconduct necessarily affected all Class members.  If

24   the Plan paid more than fair market value for the Valin shares purchased from the Vidinsky Trust

25   on July 12, 2001, the transaction necessarily harmed the Plan as a whole.  Moreover, in the

26   Amended Complaint, Plaintiff seeks both declaratory and injunctive relief.  Plaintiff seeks a

27   declaration that Defendants violated ERISA, an injunction enjoining Defendants from acts or

28

1   practices violating ERISA, and an injunction removing Defendants Vidinsky and Lightbody as

2   Plan fiduciaries and appointing an independent fiduciary.

3       Thus, a declaratory judgment by the Court that Defendants violated any of the ERISA

4   provisions at issue here as to the named Plaintiff would necessarily imply a declaration that

5   Defendants violated ERISA as to all Class members and that relief should at least potentially be

6   available to all of them.  Likewise, the injunctive relief requested by Plaintiff would necessarily

7   apply to the Class as a whole.  Plaintiff, therefore, satisfies the requirements of Rule 23(b)(2)

8   because Defendants' conduct and the remedy for Defendants' alleged fiduciary violations are

9   generally applicable to the class.

10  **V.      THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL.**

11      Plaintiff believes that the proposed settlement is an excellent result, reached after a

12  significant period of discovery and mediation.  The Settlement was reached with considerable

13  assistance from Judge Renfrew.

14      Plaintiff has not secured a ruling as to whether the Defendants have breached their

15  fiduciary duties to the Plan.  While Plaintiff believes that the Defendants violated ERISA's

16  fiduciary standards, Defendants have asserted numerous defenses.  Assuming that Plaintiff was

17  successful in proving Defendants' liability under ERISA, the recoverable damages would have

18  been the difference between the July 12, 2001 purchase price and the fair market value of the

19  Valin shares purchased from the Vidinsky Trust.  By agreeing to have an independent appraiser

20  decide the fair market value for the disputed July 2001 transaction, the parties avoided the need

21  to have the Court decide liability and the amount of any damages.

22      As described above, the independent appraiser's Lookback Valuation will result in the

23  Plan receiving over 40 percent more Valin stock in consideration for the $6 million purchase

24  price.  In addition to the payment of additional Valin stock, the individual defendants will also be

25  replaced as Plan fiduciaries.

26      The *Manual for Complex Litigation, 3d*, characterizes preliminary approval as an "initial

27  assessment" of the fairness of the proposed settlement made by the Court on the basis of written

28

1   submissions and informal presentation from the settling parties. The *Manual, 3d* summarizes the

2   preliminary approval criteria as follows:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to
> doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of
> class representatives or of segments of the class, or excessive compensation for attorneys,
> and appears to fall within the range of possible approval, the court should direct that
> notice under Rule 23(e) be given to the class members of a formal fairness hearing, at
> which arguments and evidence may be presented in support of and in opposition to the
> settlement.

7   *Manual, 3d, supra,* 30.41, p. 237.

8         The purpose of the preliminary approval process is to determine whether the proposed

9   settlement is within the range of reasonableness and thus whether notice to the class of the terms

10  and conditions and the scheduling of a formal fairness hearing is worthwhile. §2 *Newberg on*

11  *Class Actions* 11.25 (3d. 1992) ("Preliminary Court Approval"); *Liebman v. J.W. Petersen Coal*

12  *& Oil Co.,* 73 F.R.D. 531 (N.D. Ill. 1973).

13        The proposed settlement satisfies the Manual's preliminary approval requirements. First,

14  the settlement will provide the Plan with a substantial recovery. The Plan will receive more than

15  40 percent more Valin stock for the $6 million purchase price than the original July 2001

16  transaction. The additional shares represent over 10 percent of all outstanding Valin stock and

17  were worth about $2.45 million as of July 12, 2001. The Plan will also receive cash or additional

18  Valin stock as payment of interest. All of the Valin shares and cash received by the Plan will be

19  allocated to the Class members under the terms of the Plan.

20        Second, this settlement was reached after arms-length negotiations presided over by

21  Judge Renfrew. The mediation was conducted after Plaintiff had received and reviewed

22  thousands of pages of documents in discovery and deposed the key witnesses.

23        Third, the Vidinsky Defendants will pay Class Counsel's reasonable attorneys' fees and

24  costs, and this payment will *not* be deducted from the additional shares received by the Plan.

25  Thus, Class Counsel's fees and costs will be paid separately by the Vidinsky Defendants and will

26  not be paid out of the common fund received by the Class.

27        Finally, the United States Department of Labor has also received notice of the proposed

28  settlement and has not objected to the terms. (Feinberg Declaration at ¶10.)

P'S MOTION FOR PRELIM. APPROVAL AND CLASS CERT. [CASE NO. CV 04-05080 JW]   Page 14

1    Thus, the proposed Settlement falls within the range of reasonableness, and should be

2  submitted to Class Members for their comments.

3  **VI.   THE PROPOSED NOTICE SATISFIES DUE PROCESS AND SHOULD BE
        APPROVED.**

4    Class Members are entitled to receive "the best notice practicable" under the

5  circumstances. *Burns v. Elrod*, 757 F2d 151 (7th Cir. 1985). Plaintiff proposes to use the means

6  best calculated to reach each Class member who is affected by the terms of the proposed

7  settlement. The Notice will be mailed to the last known address of each Class member, such

8  address being on file with the Plan Administrator. The Notice (the proposed form of which is

9  attached to the Feinberg Declaration as Exhibit C) describes the terms of the settlement, sets

10  forth the procedure for comments and objections, provides specifics on the date, time, and place

11  of the final settlement approval hearing, and enables Class members to exercise their rights and

12  make informed decisions regarding their views of the fairness, adequacy and reasonableness of

13  the proposed settlement.

14    The parties plan to mail out the Class Notice by April 3, 2006. If the Final Approval

15  Hearing is held in June 2006, the proposed notice will be disseminated sufficiently prior to the

16  final settlement approval hearing to give Class members the opportunity to comment on the

17  settlement. *See Torrisi v. Tucson Electric Power Co.*, 8 F3d 1370, 1374-75 (9th Cir. 1993) (31

18  days is more than sufficient, as Class as a whole had notice adequate to flush out whatever

19  objections might reasonably be raised to the settlement) *citing Marshall v. Holiday Magic, Inc.*,

20  550 F2d 1173, 1178 (9th Cir. 1977) (approving timing of a notice which was mailed 26 days

21  before the deadline for opting out of a settlement). Accordingly, the notice plan along with the

22  accompanying Notice fulfills all requirements of adequate notice and should be duly approved.

23  *Torrisi, supra*; Fed. R. Civ. P. 23(c)(2); *Manual, 3d*, 30.21.

24  **VII.   CONCLUSION.**

25    For the reasons set forth above, Plaintiff respectfully requests that this Court: (1)

26  preliminarily approve the Settlement; (2) certify this Action as a Class Action for settlement

27  purposes; (3) appoint Plaintiff Erik Udd as Class Representative and Lewis, Feinberg,

28  Renaker & Jackson, P.C. as Class Counsel; (4) approve the proposed Class Notice as to form

and content; (5) direct the mailing of the Class Notice and instructions by first class mail to the Settlement Class; and (6) schedule a fairness hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable, and adequate as to members of the Settlement Class.

Class Counsel recommends the following schedule for Settlement approval:

| 4/3/06 | **Plan to mail Settlement Notice to Class Members** |
|--------|----------------------------------------------------|
| 5/18/06 | **Last Day for Objections** |
| 5/26/06 | **Moving Papers in Support of Final Approval of Settlement and Fee Application Due** |
| **June 2006** | **Final Approval Hearing** |

DATED: February 15, 2006

Respectfully submitted,

LEWIS, FEINBERG,
RENAKER & JACKSON, P.C.

By: _____
Daniel Feinberg
Attorneys for Plaintiff