IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIK UDD, individually and on behalf of a class of all other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALAN B. VIDINSKY, DONALD C. LIGHTBODY, ALAN B. VIDINSKY & JOANNE K. VIDINSKY 1993 TRUST and VALIN CORPORATION AMENDED EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST COMMITTEE,<br><br>Defendants. | Case No. CV 04-05080 JW<br><br>**REVISED [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS CERTIFICATION** |

WHEREAS, the motion of Plaintiff Erik Udd for class certification, preliminary approval of settlement, approval of the form and manner of notice to the Class, and other matters, having been filed on February 15, 2006, came on for hearing on March 13, 2006;

WHEREAS, Defendants Alan B. Vidinsky, Alan B. Vidinsky & Joanne K. Vidinsky 1993 Trust ("Vidinsky Trust"), Donald C. Lightbody, and Valin Corporation Amended Employee Stock Ownership Plan and Trust Committee ("Committee") are now or have been fiduciaries of and/or parties in interest to the Valin Corporation Amended Employee Stock Ownership Plan and Trust ("the Plan");

WHEREAS, Plaintiff has alleged claims for breach of fiduciary duty and/or prohibited transactions against Defendants pursuant to ERISA §502(a)(2) and (a)(3), 29 U.S.C. §1132(a)(2)

and (a)(3), arising from the Plan's purchase of 77,250 shares of Valin Corporation common stock from the Vidinsky Trust for total consideration of $6,000,007.50 on July 12, 2001;

WHEREAS, the Defendants expressly deny the allegations of wrongdoing and violations of law alleged in this action, and further deny any liability whatsoever to Plaintiff or to any other similarly-situated persons;

WHEREAS, Plaintiff's counsel and counsel for the Defendants have had extensive discussions and negotiations concerning a resolution of the issues raised in this action with the participation of Judge (Ret.) Charles Renfrew as mediator; and

WHEREAS, the parties have proposed a settlement of the action, the terms of which are embodied in the Stipulation of Settlement attached as Exhibit A hereto ("the Agreement");

**IT IS HEREBY ORDERED:**

1. To the extent defined in the Agreement attached hereto as Exhibit A and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

2. Pursuant to the Settlement Agreement and Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure, the Court hereby certifies this action as a class action for purposes of settlement. The Class is defined as all Plan participants or beneficiaries whose Company Stock Accounts in the Plan were credited with additional shares of Valin Corporation common stock as a result of the July 12, 2001 transaction. Excluded from the class are Defendants Vidinsky and Lightbody. The Court hereby approves Erik Udd as representative of the Class and appoints the law firm of Lewis, Feinberg, Renaker & Jackson, P.C., as Class Counsel.

3. Subject to the receipt and consideration by the Court of any objections to or comments on the Agreement at the hearing described in Paragraph 11 of this Order, the Court finds the Settlement Agreement and all of its terms to be fair, just, equitable, and in the best interests of the members of the Class. The Court hereby preliminarily approves the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure.

4. On or before April 3, 2006, the Defendants shall cause to be mailed by first class mail, with return address Lewis, Feinberg, Renaker & Jackson, P.C., 1330 Broadway, Suite 1800,

1  Oakland, CA 94612, the Notice of Pendency of Class Action, Proposed Settlement of Class
2  Action and Settlement Hearing (the "Notice") in substantially the form attached as Exhibit B
3  hereto, to each Class Member for whom the parties have a current address. The Notice may be
4  updated to include a statement of the cash or additional shares that the Vidinsky Trust will pay to
5  the Plan as interest pursuant to the Agreement;

6    5. On or before May 1, 2006, the Defendants or any mailing service they employ,
7  shall serve and file a sworn statement evidencing compliance with the provisions of Paragraph 4
8  of this Order.

9    6. The Notice to Class Members given in compliance with the provisions set forth in
10  Paragraph 4 above is hereby found to be the best notice practicable under the circumstances, and
11  constitutes due and sufficient notice, in full compliance with the requirements of Rule 23(e) of
12  the Federal Rules of Civil Procedure.

13    7. No Class Member shall be heard in opposition to the proposed Settlement or, if
14  approved, the judgments and other orders to be entered thereon, to the requested award of
15  attorneys' fees and costs or the requested payments to the Class Representative, and no papers or
16  briefs submitted by any such person shall be accepted or considered by the Court unless, on or
17  before May 18, 2006, such person has filed with the Clerk of the Court and served upon counsel
18  for all parties a written statement that indicates the specific basis for such person's objections,
19  along with any supporting documentation.

20    8. All reasonable costs incurred in identifying and notifying Class Members, as well
21  as administering the Settlement, shall be paid as set forth in the Agreement.

22    9. On or before May 26, 2006, Class Counsel shall file with the Court and serve on
23  all parties their submission of time and disbursement records in support of their application for
24  attorneys' fees and costs.

25    10. On or before May 26, 2006, Plaintiff shall file a motion for Final Approval of
26  Settlement and Dismissal of Action.

27    11. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, a hearing (the
28  "Settlement Hearing") shall be held before the undersigned at 9:00 a.m. on June 26, 2006 to

1 determine the fairness, reasonableness and adequacy of the proposed Settlement and whether it should be finally approved;

12. Any Class Member who has met the requirements of Paragraph 7 herein, or his or her representative, may appear at the Settlement Hearing in person or by telephone, and be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed Settlement, and the requested award of attorneys' fees and costs. Any Class Member who does not make his or her objections as required by Paragraph 7 herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness and adequacy of the proposed Settlement, and the requested award of attorneys' fees and costs, unless otherwise ordered by the Court.

13. The Court expressly reserves its right to continue the Settlement Hearing from time to time without further direct notice to the Class.

14. The Valin shares transferred to the Plan's custody the Vidinsky Trust on February 28, 2006, as part of this Settlement shall not become Plan assets until all conditions of final approval of this Settlement are satisfied.

**IT IS SO ORDERED.**

Dated: __March 13__, 2006

/s/James Ware
James Ware
United States District Court Judge

REVISED [PROPOSED] ORDER [CASE NO. CV 04-05080 JW]