R. Bradford Huss, SBN 71303
Robert F. Schwartz, SBN 227327
Laura M. Chavkin, SBN 228724
TRUCKER ✦ HUSS
A Professional Corporation
120 Montgomery Street, 23rd Floor
San Francisco, California 94104
Telephone:  (415) 788-3111
Facsimile:  (415) 421-2017
Email:  rschwartz@truckerhuss.com

Attorneys for Defendants
ALAN B. VIDINSKY, ALAN B. VIDINSKY &
JOANNE K. VIDINSKY 1993 TRUST, AND
VALIN CORPORATION AMENDED
EMPLOYEE STOCK OWNERSHIP
PLAN AND TRUST COMMITTEE



IT IS SO ORDERED
Judge James Ware

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIK UDD, Individually and on behalf of a class of all other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALAN B. VIDINSKY, ALAN B. VIDINSKY & JOANNE K. VIDINSKY 1993 TRUST, DONALD C. LIGHTBODY, and VALIN CORPORATION AMENDED EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST COMMITTEE,<br><br>Defendants. | C04-05080 JW<br><br>**STIPULATION REGARDING CORRECTION OF THE COURT'S JUNE 26, 2006 ORDER AND [SECOND REVISED PROPOSED] ORDER** |

The parties stipulate and agree to a correction of the Court's June 26, 2006 Order to reflect a modification that the parties brought to the Court's attention at the June 26, 2006 hearing on Plaintiff's Motion for Final Approval of Class Action Settlement, and to which the Court agreed at the hearing.

At the June 26, 2006 hearing, counsel informed the Court that all parties were in agreement that paragraph 16 of the Revised Proposed Order submitted by Plaintiff on June 20, 2006 should be modified to state that payment must be made within 14 calendar days from the Effective Date, as defined by the Settlement Agreement between the parties. The Court stated that the final order would reflect the modification but failed to make such a modification in the order it issued on June 26, 2006.

The parties request that the Court sign the attached Second Revised Proposed Order. Aside from formatting changes, the only difference between the attached Second Revised Proposed Order and the Court's June 26, 2006 Order is that the attached proposed order contains additional language in paragraph 16 which reflects the necessary modification. The parties further stipulate and agree that, for the purposes of the Settlement Agreement between the parties, the Court's approval of the class action settlement shall be deemed to be June 26, 2006.

Dated: June __, 2006         LEWIS, FEINBERG,
                             RENAKER & JACKSON, P.C.

                             By: _____
                                 Daniel Feinberg
                                 Attorneys for Plaintiff

Dated: June 29, 2006         TRUCKER HUSS

                             By: _____/s/_____
                                 Robert F. Schwartz
                                 Attorneys for Defendants Alan B. Vidinsky,
                                 Vidinsky Trust, and Valin Corporation
                                 Amended Employer Stock Ownership Plan
                                 and Trust Committee

Dated: June 29, 2006         GREEN & HUMBERT

                             By: _____/s/_____
                                 C. Mark Humbert
                                 Attorneys for Defendant Donald C. Lightbody

Stipulation re Correction of 6/26/06 Order and [2nd Revised Proposed] Order; No. C04-04080-JW
3339.002 #786081                                                                        2

    1        The parties stipulate and agree to a correction of the Court's June 26, 2006 Order to reflect
2   a modification that the parties brought to the Court's attention at the June 26, 2006 hearing on
3   Plaintiff's Motion for Final Approval of Class Action Settlement, and to which the Court agreed at
4   the hearing.

5        At the June 26, 2006 hearing, counsel informed the Court that all parties were in agreement
6   that paragraph 16 of the Revised Proposed Order submitted by Plaintiff on June 20, 2006 should
7   be modified to state that payment must be made within 14 calendar days from the Effective Date,
8   as defined by the Settlement Agreement between the parties. The Court stated that the final order
9   would reflect the modification but failed to make such a modification in the order it issued on June
10  26, 2006.

11       The parties request that the Court sign the attached Second Revised Proposed Order. Aside
12  from formatting changes, the only difference between the attached Second Revised Proposed
13  Order and the Court's June 26, 2006 Order is that the attached proposed order contains additional
14  language in paragraph 16 which reflects the necessary modification. The parties further stipulate
15  and agree that, for the purposes of the Settlement Agreement between the parties, the Court's
16  approval of the class action settlement shall be deemed to be June 26, 2006.

Dated: June 29, 2006

LEWIS, FEINBERG,
RENAKER & JACKSON, PC.

By: /s/ Daniel Feinberg
    Daniel Feinberg
    Attorneys for Plaintiff

Dated: June ___, 2006

TRUCKER HUSS

By: _____
    Robert F. Schwartz
    Attorneys for Defendants Alan B. Vidinsky,
    Vidinsky Trust, and Valin Corporation
    Amended Employer Stock Ownership Plan
    and Trust Committee

Dated: June ___, 2006

GREEN & HUMBERT

By: _____
    C. Mark Humbert
    Attorneys for Defendant Donald C. Lightbody

IT IS SO ORDERED

Judge James Ware

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ERIK UDD, Individually and on behalf of a class of all other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALAN B. VIDINSKY, ALAN B. VIDINSKY & JOANNE K. VIDINSKY 1993 TRUST, DONALD C. LIGHTBODY, and VALIN CORPORATION AMENDED EMPLOYEE STOCK OWNERSHIP PLAN AND TRUST COMMITTEE,<br><br>Defendants. | C04-05080 JW<br><br>[SECOND REVISED ~~PROPOSED~~] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES |

This matter is before the Court on the motion of Plaintiff Erik Udd for final approval of the class action settlement reached in this action, award of attorneys' fees and costs, and award of service payment to the class representative.

The Court, having entered an Order on March 13, 2006, preliminarily approving the Settlement Agreement (a copy of which is attached as Exhibit A to the Order of March 13, 2006, granting preliminary approval) and conditionally certifying the following class:

> All Plan participants or beneficiaries whose Company Stock
> 
> Accounts in the Plan were credited with additional shares of Valin
> 
> Corporation common stock as a result of the July 12, 2001

| | transaction. Excluded from the class are Defendants Vidinsky |
| --- | --- |
| 1 | |
| 2 | and Lightbody; |
| 3 | having directed that Notice be given to all Class Members of the proposed settlement and of a |
| 4 | hearing (the "Fairness Hearing") scheduled to determine whether the proposed settlement should |
| 5 | be finally approved as fair, adequate, and reasonable, and to hear any objections to any of these |
| 6 | matters; having considered Plaintiff's motion for final approval of the Settlement Agreement and |
| 7 | documents in support thereof; having considered the Settlement Agreement and all exhibits |
| 8 | attached thereto; and having considered all of the submissions and arguments with regard to |
| 9 | Plaintiff's motion for final approval; and having held the Fairness Hearing and considered the |
| 10 | submissions and arguments made in connection therewith; |

**THE COURT HEREBY FINDS AS FOLLOWS:**

1. To the extent defined in the Agreement attached hereto as Exhibit A and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein or in the Order of March 13, 2006, preliminarily approving the Settlement.

2. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties.

3. Without affecting the finality of this Order and Judgment, the Court retains jurisdiction over the interpretation, administration, and consummation of the Settlement Agreement.

4. Notice to the Class Members has been given in an adequate and sufficient manner, and the notice given constitutes the best notice practicable, complying in all respects with federal law and the requirements of due process. Notice given to Class Members was reasonably calculated under the circumstances to apprise Class Members of the pendency of this action, of all material elements of the proposed Settlement, and of their opportunity to object to or comment on the Settlement and to appear at the Fairness Hearing. Full opportunity has been afforded to Class Members to participate in the Fairness Hearing. Accordingly, the Court finds that all Class Members are bound by this Order.

5. The Order of March 13, 2006, of this Court certifying the class defined above pursuant to Fed. R. Civ. P. Rule 23(a) and 23(b)(1) and (b)(2) is confirmed.

6. Because the Court certified the settlement class under Rule 23(b)(1) and (b)(2), class members may not opt out of the mandatory Class.

7. The Court set a deadline of May 18, 2006, for Class Members to file objections to the Settlement. No objections have been filed. The Court has held a hearing to consider the fairness, reasonableness, and adequacy of the proposed settlement.

8. The Settlement Agreement was made in good faith. Arm's length negotiations took place between Class Counsel and defense counsel, under the supervision of the mediator, Judge (Ret.) Charles Renfrew, that resulted in the proposed Settlement.

9. The proposed Settlement – being in all respects fair, reasonable, adequate, proper, and in the best interests of the Class Members given the benefits of settlement and the risks, complexity, expenses, and probable duration of further litigation between Class Members and Defendants – is accordingly finally approved.

10. In accordance with the terms of the Settlement Agreement, which are hereby incorporated by reference as though fully set forth herein, it is hereby ordered, adjudged, and decreed as follows: Defendants are ordered to distribute Settlement Amounts to Class Members (or their Plan accounts, as appropriate), within 60 days of the Effective Date, or as soon as administratively practicable, but in no event later than 90 days after the Effective Date, in accordance with the Settlement Agreement Section II.B.2.f. Defendants are discharged and released from the Released Claims as defined in Paragraphs II.B.1.i and II.A.5 of the Agreement and the Unknown Claims as defined in Paragraph II.A.8, and those claims are hereby dismissed with prejudice. Nothing in this Order shall be construed to affect any claims not released under the terms of the Settlement Agreement, including but not limited to the pending shareholder derivative action *Shea v. Vidinsky, Lightbody, Sycamore Lake Partners, LLC, and Does 1-100, inclusive and Valin Corp.*, Case No. CGC 04-437473, in California Superior Court in San Francisco.

11. Also in accordance with the terms of the Settlement Agreement, Plaintiff and the Class Members, and their fiduciaries, trustees, heirs, executors, administrators, beneficiaries,

representatives, predecessors, agents, attorneys, successors and assigns, are barred and enjoined from instituting, maintaining, prosecuting or enforcing, in any capacity, the Released Claims against the Released Persons, except to the extent that this Court retains jurisdiction to enforce the Settlement and effectuate the terms of the Settlement.

12. Nothing in the Settlement or this Order is or shall be deemed an admission by Defendants of any liability or wrongdoing.

13. The Court has examined Plaintiff's request for award of attorney's fees, costs, and class representative payment. The Court finds that Class Counsel has devoted substantial time to this litigation for the benefit of the Class, represented the Class on a contingent fee basis, and obtained an excellent result for the Class. The Court further finds that Plaintiff's requested award of $202,622.45 for lodestar attorneys' fees and costs is reasonable in light of the factors listed above and of the fact that the fees requested represent only approximately six (6) percent of the monetary value of the Settlement, which is substantially less than the 25 percent "benchmark" in the Ninth Circuit. *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Paul, Johnson, Altson & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989); *Torrisi v. Tucson Electric Power Co.*, 8 F.3d 1370, 1376-77 (9th Cir. 1993).

14. The Court further finds that the hourly rates requested – $495 per hour for Daniel Feinberg, $295 per hour for Margaret Hasselman and Claire Kennedy-Wilkins, and $180 per hour for Michelle Roberts before she was sworn in as an attorney and for law clerk and paralegal time – are reasonable and in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation.

15. The Court further finds that Plaintiff's request for award of costs for out-of-pocket expenses incurred by Class Counsel in the litigation is reasonable. The Court finds that the costs requested to be reimbursed were reasonably incurred for the benefit of the Class.

16. Therefore, in accordance with the terms of the Settlement, the Vidinsky Defendants are ordered to pay to Class Counsel within fourteen (14) calendar days of the Effective Date, as defined in the Settlement Agreement, $202,622.45 for attorneys' fees and costs.

17. The Court further finds that the Class Representative played a significant role in developing the factual background for this litigation and in settlement negotiations. Plaintiff's requested service payment of $4,000 for the Class Representative is modest in comparison to service payments awarded to class representatives in other cases, and is reasonable in light of the Class Representative's contributions to the litigation. Therefore Plaintiff's request for a $4,000 service payment to Class Representative Erik Udd by the Vidinsky Defendants is approved.

Due to an oversight, this Stipulation has been pending before the Court since 2006. However, the neither party has contacted the Court regarding the approval of this Stipulation. The Court enters the Stipulation as of today's date.

Since this is the Final Approval of Class Action Settlement, the Clerk shall close this file.

Dated: February 29, 2008      _____
JAMES WARE
United States District Judge